Mr. C. E. Hamilton, Jr. Prosecuting Attorney Callaway County, Courthouse Fulton, Missouri 65251
Dear Mr. Hamilton:
This is in response to your request for an opinion of this office asking whether, a magistrate court which convicts the holder of a limited driving order issued by a different court under Section 302.309, RSMo, of a driving offense which terminates such order under such section, has authority to require the surrender of the order of the court which granted the limited driving privilege.
Section 302.309, RSMo, provides that when any court of record having jurisdiction finds that a chauffeur or operator is required to operate a motor vehicle in connection with his business, occupation or employment, the court, if certain conditions are met, may grant such limited driving privilege as the circumstances of the case justify if the court also finds undue hardship on the individual in earning a livelihood, and while so operating a motor vehicle within the restrictions and limitations of the court order the driver shall not be guilty of operating a motor vehicle without a valid driver's license. It further provides in part as follows:
 "(4) The court order granting the hardship driving privilege shall indicate the termination date of the order, which shall be not later than the end of the period of suspension or revocation. A copy of the order shall be sent by the clerk of the court to the director, and a copy shall be given to the driver which shall be carried by him whenever he operates a motor vehicle. A conviction which results in the assessment of points under the provisions of section 302.302, other than a violation of a municipal stop sign ordinance where no accident is involved, against a driver who is operating a vehicle under the authority of a court order terminates the order, and the court in which the conviction occurs shall immediately so notify the driver, the director and the court which granted the order."
Under this subsection, the operator is required to carry with him a copy of the court order whenever he is operating a motor vehicle. If he is convicted of a violation which results in the assessment of points under the provisions of Section 302.302, RSMo Supp. 1975, other than a violation of a municipal stop sign ordinance where no accident is involved, such conviction terminates the order and the court in which the conviction occurs must immediately notify the driver, the director and the court which granted the order.
We find no authority for the court in which the last conviction is had to require the surrender of the order of the court which granted the hardship driving privilege. Such order at that point becomes functus officio. However, the legislature has not authorized the court in which the conviction is had to make any endorsement upon the order granting the hardship driving privilege or to require the defendant to surrender such order. The authority of the convicting court is limited to notifying the driver, the director of revenue and the court which granted the order of the subsequent conviction resulting in the assessment of points.
CONCLUSION
It is the opinion of this office that a magistrate court which convicts a driver, who is driving under a court order of a different court granting hardship driving privileges, of an offense which results in the assessment of points under the provisions of Section 302.302, RSMo Supp. 1975, other than a violation of a municipal stop sign ordinance where no accident is involved, is required, under Section 302.309, RSMo, to notify the driver, the director of revenue and the court which granted the order, of the conviction. Such magistrate court does not have the authority to require that the defendant surrender the order granting hardship driving privileges, although such order is terminated as a matter of law.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General